IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LE DUYET HUNG, )
)
      Plaintiff, ) Civil No. 05-6180-HO
)
)
      v. ) ORDER
)
MICHAEL R. WASHINGTON, )
)
      Defendant. )
)

Pro se plaintiff, an inmate incarcerated at the Oregon State Penitentiary brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant violated his rights under the ex post fact clause and due process clause by applying the 1993 version of ORS § 144.125 at his parole hearing. Plaintiff also alleges that defendant violated his rights under the Fourteenth Amendment by failing to have him evaluated by a Vietnamese psychologist. Defendant moves for summary judgment as to all claims.

Defendant raises a number of challenges to plaintiff's claims including immunity from suit pursuant to the Eleventh Amendment. Plaintiff brings this action against defendant Michael R. Washington "employed as Oregon Parole Board Member." Plaintiff alleges two claims for relief contending that "the Oregon Parole Board violated the Constitution's ex post facto clause and due process clause..." in claim one and that "the new Board violated the due process clause ..." in claim two. Plaintiff seeks compensation in the amount of $3,000,000, an order that the new Board provide him with a Vietnamese psychologist, an order that the new Board provide him with a parole hearing and an order that the new Board stop labeling him as having severe emotional disturbance all for alleged constitutional violations occurring with respect to his parole hearing in 1996.

The Eleventh Amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Amendment affirms the fundamental principle of sovereign immunity which limits the grant of judicial authority in Article III of the Constitution. Pennhurst

State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984) (Pennhurst II).

A State's Eleventh Amendment protection from suit has been extended to suits brought by a State's own citizens, Hans v. Louisiana, 134 U.S. 1, 10 (1890), and suits invoking the federal question jurisdiction of Article III. Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1131-32 (1996).

Defendant Michael Washington in his capacity as a member of the Parole Board for the Oregon Department of Corrections is also immune from suit under the Eleventh Amendment. Cf. Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986) (a suit against a State agency is considered to be a suit against the State, and thus is barred by the Eleventh Amendment). "When suit is commenced against State officials, even if they are named and served as individuals, the State itself will have a continuing interest in the litigation whenever State policies or procedures are at stake." Idaho v. Coeur d'Alene Tribe of Idaho, 117 S.Ct. 2028, 2034 (1997).[1]

---

[1] The Ex parte Young doctrine has no application in this case as plaintiff does not seek prospective injunctive relief. At most, plaintiff seeks injunctive relief to remedy a past wrong and not a continuing violation. See, e.g., Green v. Mansour, 474 U.S. 64, 74, 106 S.Ct. 423, 429 (1985)

3 - ORDER

There are, however, two well-established exceptions to the reach of the Eleventh Amendment. First, Congress may abrogate the States' constitutionally secured immunity by expressing, in unmistakably clear language, its intention to allow the States to be sued in federal court. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242-243 (1985). Second, a State may waive its Eleventh Amendment immunity and consent to be sued in federal court. Id. at 241; Clark v. Barnard, 108 U.S. 436, 447 (1883). "[A] State will be deemed to have waived its immunity 'only where stated by the most express language or by such overwhelming implication by the text as [w]ill leave no room for any other reasonable construction.'" Atascadero, 473 U.S. at 239-240 (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974) (internal quotation omitted)). "Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." Atascadero, 473 U.S. at 241.

Section 1983 creates a federal cause of action against "[e]very person who causes [another] to be subjected . . . to the deprivation of any [federal] rights . . . ." (Emphasis added). Michael Washington

in his official capacity as Chairman of the Board of Parole is not a person under 42 U.S.C. § 1983. The complaint makes clear that plaintiff seeks to hold the Board liable for alleged past constitutional violations under section 1983. The United States Supreme Court has held that states and state agencies are not "persons" within the meaning of section 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Therefore, plaintiff cannot rely on an abrogation of immunity by Congress to bring this case in federal court. In addition, the State of Oregon has not waived immunity under the circumstances presented by this case.

Although plaintiff does not argue that he brings this case against Washington in his individual capacity, the court finds that the complaint seeks to hold Washington liable in his official capacity only and indeed alleges the Board itself violated his rights. The test for determining which suits against state officials are treated as suits against the State for Eleventh Amendment purposes has been variously articulated: "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter," <u>Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963) (per curium); "The Eleventh Amendment

bars a suit against state officials when 'the state is the real, substantial party in interest,'" <u>Pennhurst II</u>, 104 S.Ct. at 908 (quoting <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459, 464 (1945)); "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963) (citations omitted). Section 1983 confers on plaintiff a cause of action at law against "[e]very person" who, under color of state law, subjects him to "the deprivation of any rights, privileges, or immunities secured [him] by the Constitution and laws." 42 U.S.C. § 1983. As the Supreme Court has emphasized, a state official who violates federal law "is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 237 (1974) (quoting <u>Ex parte Young</u>, 209 U.S. 123, 160 (1908)) (emphasis supplied in <u>Scheuer</u>). Accordingly, the Court has distinguished section 1983 claims from claims "seeking damages from the public treasury,"

6 - ORDER

Scheuer, 416 U.S. at 238, and has expressly held that damage actions brought under section 1983 "seeking to impose individual and personal liability on" state officials "are not barred by the Eleventh Amendment." Id.

Plaintiff's complaint makes clear that he seeks relief against The Board for actions taken pursuant to its official duty. Accordingly, this court lacks jurisdiction to hear plaintiff's claims.[2]

CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (#22) is granted. All other pending motions are denied as moot and this action is dismissed.

DATED this 9th day of January, 2006.

_/s/ Michael R. Hogan_
United States District Judge

---

[2] Even if the Eleventh Amendment did not bar the court from hearing this case, the court agrees with defendant that Parole Board members are entitled to quasi-judicial immunity from suit and that the claims alleged in the complaint are time-barred for the reasons stated in defendant's briefing.

7 - ORDER